UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CHARLIE AUTO SALES, INC./
HYUNDAI DE BAYAMON, CHARLIE
LA COSTA; ELBA GOTAY AND THE
CONJUGAL PARTNERSHIP FORMED
BETWEEN THEM

Plaintiffs

v.

MITSUIBISHI MOTOR SALES OF
CARIBBEAN, INC., ET AL.

Defendants

Civil No. 98-1767 (PG)

## OPINION & ORDER

Defendants have produced a mountainous volume of paper in search of a quick dismissal to this case. (Dkts. 15, 16, 21, 27 & 37) Plaintiffs are likewise responsible for the demise of a good number of trees. (Dkts. 24 & TENDERED) After wading through the forest that once was and considering what is left of the forest and the trees, the Court is prepared to decide Defendants' Motions to Dismiss (Dkt. # 15-16).

**THE PARTIES AND THEIR POSITIONS**

Plaintiffs' Charlie Auto Sales, Inc./Hyundai de Bayamón, Charlie La Costa, Elba Gotay, and their marital partnership, brought suit against Defendants in Federal District Court for the District of Puerto Rico, alleging antitrust violations under § 2(a) of the Clayton Act, and causes of action under Puerto Rico's Law 75, 10 L.P.R.A. § 278, et seq. and Article 1802 of the Civil Code of Puerto Rico, Tit. 31, § 5141. Defendants subsequently filed a Motion to Dismiss, stating that Plaintiffs' claims were subject to an arbitration clause embedded in an agreement signed by the parties (the Servicing Dealer



AO 72A
(Rev.8/82)

Civ. No. 98-1767 (PG)                                                                                               2.

Agreement, "SDA") and that therefore, Plaintiffs' causes of action must be stayed or dismissed without prejudice.[1] Defendants also make the alternative argument that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction under FED. R.CIV.P. 12(b)(1) and/or failure to state a claim under FED. R.CIV. P. 12(b)(6). Defendants have also moved the Court to sanction Plaintiffs under 28 U.S.C. § 1927.[2]

The number of named Defendants rivals the voluminous pages of material presented by the parties. The named defendants are: Mitsubishi Motor Sales of Caribbean, Inc. ("MMSC"), Juan Barceló, María Milagros Vélez, Steven McClintock, Evelyn McClintock, and their respective marital partnerships, Bebo & Mike Auto Sales, inc., Miguel Casanova Auto Sales, Inc., Hyundai de Cayey, Hyundai de Ponce, Taíno Motors & Taíno del Norte, Hyundai de Caguas, Hyundai de Guyanabo, Hyundai de Areceibo, Hyundai de Aguadilla, Hyundai de San Sebastían, Cacique Motors, Autos del Caribe, Hyundai de Río Piedras, Miguel Casanova, his wife Mary Doe and their marital partnership, Miguel Ongay, his wife, Jane Doe, and their marital partnership, Angel Maldonado Nevares, his wife Fran Doe, and their marital partnership, Jose Ramón Vázquez, his wife, Nelly Vázquez, and their marital partnership, Carlos Alberto Pazos Rodríguez, his wife, Maritza López de Victoria, and their marital partnership, Rafael Estevez, his wife, Judy Doe, and their marital partnership.

---

[1] These parties are not strangers to arbitration nor the courts. Presently, virtually the same parties are involved in arbitration proceedings and in December of 1998, a case brought by Plaintiffs in this same district was dismissed without prejudice of reinstatement by Judge Laffitte. *See Charlie Auto Sales, Inc./Hyundai of Bayamón, et al. v. Mitsubishi Motor Corp., et al.*, No. 97-2351 (JAF) (D.P.R. Dec. 30, 1998).

[2] This section is designed to sanction any attorney or party that "unreasonably and vexatiously" multiplies the proceedings in any case and allows a court to impose costs, expenses and attorneys' fees. *See* 28 U.S.C. § 1927.

Civ. No. 98-1767 (PG) 3.

Plaintiffs main contention is that the contract ended and therefore the arbitration clause in inapplicable. Regardless, Supreme Court precedent compels the Court to dismiss Plaintiffs' claims without prejudice.

### WHICH WAY DOES THE TREE FALL?

The federal antitrust laws seek to promote free and unfettered competition in the marketplace and prohibit certain types of anticompetitive behavior. Antitrust claims have both a private and public interest and it is the public interest in unfettered competition that creates a strong tension between antitrust and arbitration. The Court is acutely aware of the concern that submitting antitrust claims to arbitration may result in the subrogation of the public interest to individual compromise. *See* Eric James Fulsang, *The Arbitrability of Domestic Antitrust Disputes: Where does the Law Stand?*, 46 DEPAUL L. REV. 779, 784 (1997).

Antitrust claims historically were outside the purview of arbitration. In *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1994), the Supreme Court held that antitrust claims were arbitrable pursuant to the arbitration act, at least in an international commercial context. The Supreme Court has not explicitly held that domestic arbitration clauses are arbitrable and courts since have split on this issue. *See GKG Caribe, Inc. v. Nokia-Mobira, Inc.*, 725 F. Supp. 109 (D.P.R. 1989) (holding that antitrust laws of Puerto Rico are subject to arbitration clause); *DJ Mfg. corp. v. Tex-Shield, Inc.*, 998 F. Supp. 140 (D.P.R. 1998) (holding that domestic antitrust disputes are subject to arbitration); *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 623 F. Supp. 912 (D.P.R. 1985) (holding that the court was bound to apply the Federal Arbitration Act if: (1) the court finds a contract with an arbitration clause in effect when the dispute arose and (2) the claim is within the scope of the contract

Civ. No. 98-1767 (PG)                                                                                                              4.

and is arbitrable); *Nghiem v. NEC Elecs., Inc.*, 25 F.3d 1437 (9th Cir. 1994), *cert. denied*, 513 U.S. 1044 (1994). *But see Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511 (10th Cir. 1995) (an arbitration clause extends only to disputes "touching specified provisions of the agreement."); *Kotam Elecs., Inc. v. JBL Consumer Prods.*, 93 F.3d 724, 724 (11th Cir. 1995), *rev'g* 59 F.3d 1155 (11th Cir. 1995), *vacated and reh'g en banc granted,* 69 F.3d 1097 (11th Cir. 1995), *cert. denied,* 519 U.S. 1110 (1997) ("antitrust disputes in the domestic context are arbitrable").

The Federal Arbitration Act ("FAA") is clear: "when an agreement between the parties contains an arbitration clause and the claims being litigated fall within the scope of the clause, a stay pending arbitration of the claims in mandatory, not discretionary." *DJ Mfg. Corp. v. Tex-Shield, Inc.*, 998 F. Supp. at 143 (citations omitted). *See also* 9 U.S.C. § 3. Furthermore, the Supreme Court has directed that the FAA requires that any doubt as to the arbitrability of a given dispute must be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *DJ Mfg. Corp. v. Tex-Shield, Inc.*, 998 F. Supp. at 144. However, "the broad reach of an arbitration clause is not infinitely elastic." *Id.* Given the importance of antitrust in our capitalistic system, the shackles that arbitration places on the public must be used sparingly. Therefore, antitrust claims that implicate the contract are arbitrable, and conversely, antitrust claims that do not implicate the contract are litigable. *See id.* (citing *Coors Brewing Co. v. Molson Breweries*, 51 F.3d at 1516). This conclusion best serves the dual interests presented by arbitration and antitrust claims.

### DOES THE ARBITRATION CLAUSE IMPLICATE THE CONTRACT?

The arbitration clause at issue reads:

Civ. No. 98-1767 (PG)                                                                                    5.

> All disputes, controversies or differences which may in any way arise between MMSC and DEALER including, without limitation, those which relate hereto, will be finally settled by arbitration conducted in English in accordance with the rules and regulations of the American Arbitration Association

(Dkt. 15, exh. B, p. 54)

Plaintiffs' antitrust claim alleges that MMSC and the other defendants conspired against Plaintiffs by discriminating in price and sales terms. Plaintiffs' claims implicate section III.C. of the SDA, which covers price and payment and are therefore subject to arbitration. Plaintiffs' state law claims likewise implicate the contract and are therefore arbitrable.

Plaintiffs argue that the contract ended in 1992 and therefore the arbitration clause is inapplicable. The Court disagrees. *See Gemco Latinamerica, Inc. v. Seiko Time Corp.*, 623 F. Supp. at 919 (the conduct of the parties indicates that they intended to extend the contract). Here, the conduct of the parties clearly extended the contract.[3]

Wherefore, Defendants' Motion to Dismiss is GRANTED to the extent the Court DISMISSES WITHOUT PREJUDICE of reinstatement Plaintiffs' claims. Defendants Motions to Dismiss for lack of subject matter jurisdiction and for failure to state a claim are therefore rendered MOOT.

## SECTION 1927 SANCTIONS

Defendants have moved for § 1927 sanctions against Plaintiffs' counsel. In a vexing diatribe, Defendants chastise Plaintiffs' counsel for "not show[ing] the respect that this Honorable Court and the integrity of the legal profession deserve." (Dkt. 27, p. 10) Defendants conclude that such conduct violates the American Bar Association's Model Rules of Professional Conduct (adopted by this Court

---

[3]Regardless, this is an appropriate issue for arbitration.

Civ. No. 98-1767 (PG)                                                                                                    6.

as Local Rule 211.4 (B). *See id.* Defendants do not cease to cast stones at Plaintiffs' counsel there, however. Indeed, Defendants proceed to attack Plaintiffs' submission as "frivolous and baseless," while working in the catch terms "multiplying" and "vexatiously" as they are used in § 1927. *See id.*

The Court would also like Defendants to understand the importance of antitrust principles in law. These principles are not to be cast aside as readily as Defendants might have the Court believe. Congress passed the antitrust laws for a purpose, just as they passed the FAA for a purpose. There is an obvious conflict between the two, and each serves as a legitimate and important function. As such, the Court will not waste time on such dribblings from overly creative minds. Suffice to say, Defendants motion for sanctions are DENIED in toto.

## CONCLUSION

In light of the above findings, the Court DISMISSES WITHOUT PREJUDICE of reinstatement Plaintiffs' antitrust claims as well as its state law claims. Defendants Motions to Dismiss for lack of subject matter jurisdiction and failure to state a claim are MOOT.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 2 , 1999.

*[signature]*
JUAN M. PEREZ-GIMENEZ
U. S. District Judge